1
2
3
4
5
6
7                          UNITED STATES DISTRICT COURT

8                   FOR THE EASTERN DISTRICT OF CALIFORNIA

9
   JOSE ANGEL PEREZ,                    Case No. 1:17-cv-01075-JDP
10
                    Petitioner,         FINDINGS AND RECOMMENDATIONS
11                                       TO GRANT RESPONDENT'S MOTION TO
        v.                               DISMISS
12
   ANDRE MATEVOUSIAN,                    ECF No. 15
13
                    Respondent.         OBJECTIONS, IF ANY, DUE IN 14 DAYS
14
                                         ORDER DIRECTING CLERK OF COURT
15                                       TO ASSIGN DISTRICT JUDGE

16        Petitioner Jose Angel Perez is proceeding without counsel on a petition for a writ of

17   habeas corpus under 28 U.S.C. § 2241 alleging that he is innocent of a 1994 conviction for

18   possession of a firearm during a drug trafficking under 18 U.S.C. § 924(c).  ECF No. 1.

19   Respondent has filed a motion to dismiss contending that the petition is moot because the U.S.

20   District Court for the Eastern District of North Carolina recently amended its April 11, 1994

21   judgment to reflect that the § 924(c) conviction had been vacated.  *See* ECF No. 15; *see also*

22   ECF No. 15-1 at 17 (Amended Judgment dated March 21, 2018).

23        We agree that the relief requested in the petition—that petitioner's § 924(c) conviction

24   in 1994 be vacated—was granted when the U.S. District Court for the Eastern District of North

25   Carolina amended its judgment on March 21, 2018 to vacate the conviction.  Accordingly,

26   there is no longer a case or controversy, and this case is moot. [1]  *See Wilson v. Terhune*, 319

27
   ───────────────────
28   [1] When petitioner's deadline for responding to the motion to dismiss expired, the court issued

                                          1

F.3d 477, 479 (9th Cir. 2003) (a case becomes moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution).

For these reasons:

1. The clerk of the court is directed to randomly assign a district judge to this case;

2. It is recommended that:

     a. respondent's motion to dismiss, ECF No. 15, be granted;

     b. the petition for writ of habeas corpus, ECF No. 1, be denied as moot; and

     c. the clerk be directed to close this case.

These findings and recommendations will be submitted to the U.S. district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days of service of these findings and recommendations, plaintiff may file written objections with the court. If plaintiff files such objections, he should do so in a document captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *See Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   __October 11, 2018__                            _____

                                           UNITED STATES MAGISTRATE JUDGE

---

an order permitting petitioner another opportunity to file a response and warned that "petitioner's failure to respond may result in the dismissal of this case." ECF No. 17. Petitioner failed to respond. Under Local Rule 230(l), a party's failure to file a response to a motion may be deemed a waiver of any opposition to the granting of the motion.